IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**RECO D. MANNING,**

        **Plaintiff,**

vs.

        Case No. CIV-23-137-R

**CORECIVIC, et al.,**

        **Defendants.**

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT.

    COME NOW Defendants CoreCivic, McNulty, Sullivan, and Dickerson by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to Plaintiff's Complaint filed with the Court on January 10, 2023.  Defendants' Answer is presented in the same numerical sequence and style as presented by the Plaintiff, as follows:

I.  PARTIES TO THIS COMPLAINT.

    A. Plaintiff.

    Defendants admit Plaintiff was confined at Cimarron Correctional Facility from September 23, 2022, until February 14, 2023.

    B. Defendants.

    1. Defendants deny Plaintiff has properly named and identified any Defendant in this numbered paragraph of his Complaint.

    2. Defendants admit Hollie McNulty is the Health Services Administrator at Cimarron Correctional Facility. She is employed by CoreCivic, Inc.  CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Any other allegation by Plaintiff in this numbered paragraph is denied.

3. Defendants admit Kimberly Sullivan is the Assistant Chief of Security at Cimarron Correctional Facility.  She is employed by CoreCivic, Inc.  CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Any other allegation by Plaintiff in this numbered paragraph is denied.

4. Defendants admit Terrance Dickerson is the Warden at Cimarron Correctional Facility. He is employed by CoreCivic, Inc.  CoreCivic, Inc., owns and operates the Cimarron Correctional Facility  Any other allegation by Plaintiff in this numbered paragraph is denied.

## II. JURISDICTION

Defendants admit that jurisdiction is appropriate under 42 USC § 1983. Plaintiff's remaining allegations in ¶IIA., B., C., and D., are denied.

## III. PRISONER STATUS

Defendants admit that Plaintiff was housed at Cimarron Correctional Facility from September 23, 2022, until February 9, 2023.  He was placed at the facility by the U.S. Marshal's Service. CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Any other allegation by Plaintiff is denied.

## IV. STATEMENT OF CLAIM

  A.  Plaintiff's allegations regarding events giving rise to his claim(s) are denied.

  B.  Defendants admit Plaintiff was housed at Cimarron Correctional Facility from September 23, 2022, until February 9, 2023.  Defendants admit Plaintiff was placed at the facility by the U.S. Marshal's Service. CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Defendants admit Plaintiff had been prescribed Eliquis 5 mg.  Defendants admit Plaintiff was provided prescribed medications while he was housed at Cimarron Correctional Facility. Defendants admit Plaintiff received medical care and treatment while he was housed at Cimarron

Correctional Facility. Defendants deny Plaintiff's allegations. Plaintiff was not deprived of or denied appropriate and adequate medical treatment. Plaintiff was not subjected to unconstitutional conditions of confinement.

    C.  Defendants admit Plaintiff was housed at Cimarron Correctional Facility from September 23, 2022, until February 9, 2023. CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Defendants admit Plaintiff received medical care and treatment while he was housed at Cimarron Correctional Facility. Defendants deny Plaintiff's allegations. Plaintiff was not deprived of or denied appropriate and adequate medical treatment. Plaintiff was not subjected to unconstitutional conditions of confinement.

    D.  Defendants admit Plaintiff was housed at Cimarron Correctional Facility from September 23, 2022, until February 9, 2023. CoreCivic, Inc., owns and operates the Cimarron Correctional Facility. Defendants admit Plaintiff was placed at the facility by the U.S. Marshal's Service. Defendants admit Plaintiff had been prescribed Eliquis 5 mg. Defendants admit Plaintiff was provided prescribed medications while he was housed at Cimarron Correctional Facility. Defendants admit Plaintiff received medical care and treatment while he was housed at Cimarron Correctional Facility. Defendants admit that none of the cells in the Fox housing units have an emergency call button. Defendants deny Plaintiff's allegations. Plaintiff was not deprived of or denied appropriate and adequate medical treatment. Plaintiff was not subjected to unconstitutional conditions of confinement.

V.  INJURIES.

    Defendants admit Plaintiff had been prescribed Eliquis 5 mg. Defendants admit Plaintiff was provided prescribed medications while he was housed at Cimarron Correctional Facility. Defendants admit Plaintiff received medical care and treatment while he was housed at Cimarron

Correctional Facility.  Defendants admit that none of the cells in the Fox housing units have an emergency call button.  Defendants were not negligent, and Defendants deny all of Plaintiff's allegations in that Plaintiff was not deprived of or denied appropriate and adequate medical treatment and Plaintiff was not subjected to unconstitutional conditions of confinement.

VI.  RELIEF.

Defendants deny Plaintiff's allegations.  Defendants were not negligent, and Plaintiff was not deprived of or denied appropriate and adequate medical treatment.  Plaintiff was not subjected to unconstitutional conditions of confinement.  Defendants deny that Plaintiff is entitled to any form of relief, injunctive, monetary, or otherwise.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate affirmative defenses to the averments contained in the Plaintiff's Complaint, Defendants state as follows:

1. As a separate and alternative affirmative defense, Defendants assert Plaintiff has failed to state a claim or claims upon which relief could be granted against these answering Defendants.  To state a claim in federal court, a complaint must explain what a Defendant did to the Plaintiff, when the Defendant did it, how the Defendant's action harmed the Plaintiff, and what specific legal right the Plaintiff believes the Defendant violated.  See Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff has failed to plausibly plead that Defendants, by virtue of their own conduct and state of mind, violated the Constitution.  See Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010).

2. As a separate and alternative affirmative defense, Defendants assert that pursuant to 57 O.S. §566.4(B)(1), no policy or internal management procedure issued for the management

of a prison or jail shall constitute any contractual relationship or obligation between the prison or any of its officers, members, servants or employees and the prisoner.

3. As a separate and alternative affirmative defense, Defendants assert that at all times material to Plaintiff's Complaint, Defendants acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

4. As a separate and alternative affirmative defense, Defendants assert that the constitutional rights of Mr. Manning were not violated.

5. As a separate and alternative affirmative defense, CoreCivic's employees were supervised and controlled in a manner that was constitutional, proper, and sufficient under state and federal law.

6. As a separate and alternative affirmative defense, no policy or custom of Defendant CoreCivic caused or contributed to a violation of any of Mr. Manning's constitutional rights.

7. As a separate and alternative affirmative defense, Defendants assert that any state law claims of Plaintiff are barred in that Plaintiff did not first comply with the notice requirements of 57 O.S. §566.4(B)(2).

8. As a separate and alternative affirmative defense, Defendants allege Plaintiff failed to exhaust administrative remedies as to claims he has brought forward to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. §1997e(a) and 57 O.S. §§564, 566(A)(1), 566.3(G)(2), and 566.5.

9. As a separate and alternative affirmative defense, Defendants allege that they were not on actual or constructive notice of a substantial or unreasonable risk of harm to Plaintiff

and therefore did not breach a duty owed to Plaintiff nor did Defendants cause or contribute to any injury allegedly suffered by Plaintiff.

10. As a separate and alternative affirmative defense, Defendants state they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Defendants pray the Court enter its order of judgment in favor of Defendants and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his Complaint filed herein; and, that the Defendants be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendants CoreCivic, Dickerson, Sullivan, and McNulty

BY: /s/ Darrell L. Moore
Darrell L. Moore, OBA #6332
J. Ralph Moore, PC
P.O. Box 368
Pryor, OK  74362
Tele: (918) 825-0332
Fax: (918) 825-7730
darrellmoore@jralphmoorepc.com

*Certificate of Service*

☐ I hereby certify that on September 8, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

☑  I hereby certify that on September 8, 2023, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Reco D Manning
#13004-062
Tallahatchie County Correctional Facility
19351 US Hwy 49 North
Tutwiler, MS 38963

DARRELL L. MOORE