IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RECO D. MANNING, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-23-137-R |
| ) | |
| CORE CIVIC, et al., ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis* (*see* Docs. 5, 6), filed an action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 3, at 3). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 11). Defendants answered, and the Cimmaron Correctional Facility submitted a Special Report. (Docs. 24, 25). As explained fully below, it is recommended that the Court **DISMISS** Plaintiff's claims in their entirety.

I.   **Overview of Amended Complaint**

Plaintiff is a federal inmate currently confined at the Federal Correctional Institute in Jesup, Georgia. (*See* Docs. 3, 15). The allegations in Plaintiff's Amended Complaint concern incidents which occurred when Plaintiff was incarcerated at the Cimmaron Correctional Facility ("CCF") in Cushing, Oklahoma. (Doc. 3, at 4-5). CCF is a private

prison owned and operated by CoreCivic, Inc. (Doc. 25, at 1).[1] Plaintiff generally alleges that various CoreCivic employees exhibited deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 3, at 5).[2]

Specifically, Plaintiff alleges that has been "diagnosed with (P.E.) pulmonary embolism (blood clots) in [his] chest/lungs & (D.V.T.) deep vein thrombosis (blood clots) in [his] right leg." (*Id*. at 5). Plaintiff alleges that the medical staff at CCF gave him "the wrong medicine in place of [his] Eliquis 5 mg (blood thinner)" for a period of "2 weeks because the medical staff said they could not find [his] Eliquis 5 mg (blood thinner)," that he was given an anti-depressant instead, and that he was "rushed out to the hospital for sharp chest pain & leg pain" as a result. (*Id*. at 4-5). Plaintiff brings his claim(s) against "all CoreCivic medical staff" in their official capacities, except Nurse Rivera, but to include Nurse Mealy. (*Id*. at 2).

Plaintiff additionally names Hollie McNulty, Health Services Administrator at CCF, and Terrance Dickerson, the Warden at CCF, in their individual and official capacities. (*Id*. at 2-3; *see also* Doc. 25, at 1-2). Plaintiff alleges that he informed Defendants McNulty and Dickerson of the situation but they failed to act. (Doc. 3, at 4). Finally, Plaintiff names Kimberly Sullivan, the Assistant Chief of Security at CCF, in her individual and official capacities. (*Id*. at 3, *see also* Doc. 25, at 2). Plaintiff claims he told Defendant Sullivan

---

[1] *See* https://www.corecivic.com/facilities/cimarron-facility (last accessed Jan. 19, 2024).

[2] Plaintiff also alleges these acts violated his Fourteenth Amendment rights, (*see* Doc. 3, at 3, 5), but the Fourteenth Amendment applies to state, not federal action, and therefore does not apply here.

2

"that [there] needs to be [an] emergency alarm button in the inmates cell," but this was not done. (Doc. 3, at 4-5).

For relief, Plaintiff asks the court for "[j]ustice to be served" and to be "compensated for pain & suffering" for this "mal-practice violation." (*Id*. at 5). And he seeks injunctive relief in the form of "nurses that care for human life" and an "emergency alarm button in every inmate cell." (*Id*.)

## II.  The Court's Duty to Screen Prisoner Complaints

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity and each case in which the plaintiff proceeds *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(e)(2). The court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id*.

The court's review of a complaint under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) mirrors that required for reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The court must accept Plaintiff's allegations as true and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). The court "review[s] the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks and citation omitted). A complaint fails to state such a claim

when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint, however, are not assumed to be true; legal conclusions "must be supported by factual allegations" to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"[A] *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe *pro se* pleadings liberally, courts "will not supply additional factual allegations to round out a plaintiff's complaint"). Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*). "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. The court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

**III.   Analysis**

Plaintiff has no cause of action under either 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Section

1983 only allows suit against individual defendants who are acting under color of state law and does not apply to individuals acting as agents of the federal government. *See Dry v. United States*, 235 F.3d 1249, 1255-56 (10th Cir. 2000). Therefore, § 1983 does not allow suit against CCF employees or contractors under these circumstances. *See, e.g., Lopez v. Vladimir*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3 (W.D. Okla. Nov. 18, 2020), *report and recommendation adopted*, 2021 WL 741783 (W.D. Okla. Feb. 25, 2021) (citing *Harrison v. Richardson*, 2009 WL 735128, at *2 (D. Kan. Mar. 19, 2009) ("It follows that plaintiff does not state a cause of action under § 1983 against [employees of a private prison who contracted with the federal government to house prisoners].")).

*Bivens* also does not apply. In *Bivens*, the Supreme Court "approved a judicially-implied cause of action allowing individuals to seek damages for unconstitutional conduct by federal officials." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 859 (10th Cir. 2016). But where the federal actors are "employed by a private firm," as opposed to "employed by the government," a *Bivens* action will not stand if a state remedy exists. *Minneci v. Pollard*, 565 U.S. 118, 126 (2012).

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.

*Id.* at 131.

"Plaintiff's remedy against CoreCivic and its employees, if any, is an action in state court for negligence or other misconduct." *Brewster v. Doe 1*, 2020 WL 4530458, at *2

(D. Kan. Aug. 6, 2020) (addressing plaintiff's complaint for Fourth and Eighth Amendment violations) (collecting similar cases); *Lopez*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3 ("Because Plaintiff could pursue relief against Defendants, employees of a private corporation, under state tort law, *Bivens* is unavailable.") (citing *Myers v. Leavenworth Det. Ctr.*, 2019 WL 2208116, at *4 (D. Kan. May 22, 2019) ("Because Plaintiff has an alternative cause of action pursuant to Kansas state law, he is precluded from asserting a *Bivens* action in federal court against [a private federal facility] or its employees.")).

Plaintiff has failed to allege any applicable cause of action sufficient to invoke this Court's subject matter jurisdiction. Accordingly, the Court should dismiss without prejudice Plaintiff's complaint. *See, e.g., Kucera v. Cent. Intelligence Agency*, 754 F. App'x 735, 737 (10th Cir. 2018) (affirming district court's dismissal of plaintiff's complaint based on a lack of "subject-matter jurisdiction" where the plaintiff had asserted a § 1983 cause of action against federal officials rather than state officials, and had not articulated a proper *Bivens* claim against those same federal officials); *see also Lopez*, No. CIV-20-255-SLP, 2020 WL 8671937, at *3.

### IV.    Recommendation and Notice of Right to Object.

In accordance with the foregoing analysis, the undersigned recommends that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims in their entirety. **The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before February 9, 2024,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right

6

to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

      This Report and Recommendation disposes of all issues referred to the undersigned in this matter.

      ENTERED this 19th day of January, 2024.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE